```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT


John Martin,                              :
     Plaintiff,                           :
                                          :
     v.                                   :   No. 2:07-CV-260
                                          :
Town of Brattleboro,                      :
Audrey Garfield, Dora Boubolis,           :
Barbara Sondag, and Richard Garant,       :
     Defendants.                          :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 17)

John Martin brings suit under 42 U.S.C. § 1983 against the Town of Brattleboro, Brattleboro's Town Manager Barbara Sondag, and three members of the Brattleboro Selectboard. Martin claims that he was deprived of his due process rights when the Brattleboro Selectboard terminated him from his position as Brattleboro's Chief of Police.  According to Martin, the termination was orchestrated by members of the Selectboard and Sondag to advance their personal agendas against him.  Sondag has moved to dismiss the claim against her for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.  Factual Background

For the purpose of the pending motion to dismiss, the facts alleged in the Complaint will be accepted as true.

  A.  Martin's Employment

John Martin was hired as a Brattleboro police officer in 1976.  He rose through the ranks becoming Brattleboro's Chief of Police in 2001.  In April 2007, Sondag, Brattleboro's acting Town Manager, conducted an evaluation of Martin's job performance.  The evaluation was positive but did not include the comments Martin made to Sondag during the evaluation.  Sondag later testified under oath to the Selectboard that Martin never made these comments.

  B. Bias Against Martin

During the same time period, Sondag was applying for the permanent Town Manager position, a position appointed by the Selectboard.  Sondag asked Brattleboro's department heads to support her application but Martin declined, as he felt that it would be inappropriate to take a position.  All other department heads supported Sondag.

Audrey Garfield was the chair of the Brattleboro Selectboard at the time.  Martin claims that Garfield had a personal agenda against him.  Garfield spoke out publicly

against Martin, advocating for his termination.  To this end, Garfield made false allegations against Martin about using the town credit card for personal expenses.

C. Consultant Report

Shortly after Martin declined to support Sondag and while Garfield campaigned for Martin's termination, Sondag commissioned a consultant to generate a report on the state of the Brattleboro Police Department.  The consultant had no experience in evaluating police departments or in law enforcement.  The consultant met with union officials and Sondag prior to evaluating the department and deliberately excluded Martin from that meeting.  Martin did not have an opportunity to meet with the consultant before the evaluation began.

Sondag instructed the consultant on how the evaluation should be performed.  Martin believes that Sondag, at Garfield's insistence, sought a negative report from the consultant.  (Compl. ¶ 16)  Before the consultant finished the report, Sondag, Garfield, and Garfield's political allies[1] decided that Martin would be terminated if he did

---

[1] Martin lists Garfield's political allies as defendants Boubolis and Garant. The Court infers that Boubolis and Garant were also Selectboard members even though they are not listed as such in the Complaint.

not retire.  When the Town learned that the consultant's report would be made public, it was revised.

   D. Tazer incident

In July 2007 Brattleboro police used Tazer guns on a group of demonstrators.  Martin was not present at the incident.  The Town conducted a "sham" investigation of the Tazer incident.  During the investigation Sondag refused to speak to any witness who would support Martin and interfered with the on-going internal department incident investigation.  Before the investigation was complete, Sondag informed Martin that he would be disciplined.  Martin was suspended for one day for not having a plan to deal with the protesters even though he gave specific direction to a supervising officer the previous day.  None of the officers involved in the incident was disciplined.  Martin appealed the discipline but a decision was never reached on the appeal.  This was the only disciplinary action or written criticism against Martin between April 2007 and October 2007.

In August 2007 Sondag told Martin that he must resign or he would be fired.  Martin believes that Garfield and her political allies instructed Sondag to deliver the ultimatum

to Martin. Martin refused to resign.

E. Recommendation Hearing

In September 2007, Sondag notified Martin that she would hold a hearing to decide whether to recommend his termination. Sondag told Martin that he would be able to respond to the charges against him; however, at the hearing Sondag never allowed him that opportunity. After the hearing Sondag recommended to the Selectboard that Martin be dismissed.

F. Selectboard Hearing

The Selectboard then held a hearing to decide Martin's fate. The Selectboard never listened to the recording of Sondag's earlier recommendation hearing. Martin wanted access to that recording but he was not given it until the day before the Selectboard meeting, impairing his ability to defend himself at the meeting.

Martin believes that Garfield and her political allies were biased against him before ever listening to the evidence. After the hearing, Garfield and her political allies voted to terminate Martin. Martin was terminated on October 31, 2007. Martin alleges that he was terminated because of the defendants' personal malice.

Martin alleges violations of his procedural and substantive due process rights and brings this action under 42 U.S.C. § 1983.

II.  Discussion

Sondag moves to dismiss the complaint against her on three grounds:  1) Martin's due process rights were not violated; 2) even if Martin's rights were violated, she did not make the final decision to terminate Martin and therefore is not liable; 3) she is entitled to qualified immunity.

   A.  Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

B.  Due Process

Martin has claimed both procedural and substantive due process violations.  Sondag counters that under the facts alleged in the complaint, Martin cannot prove that she violated his rights.

1. Procedural Due Process

Procedural due process requires that tenured public employees such as Martin are required to receive a hearing before termination.  <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 546 (1985).  Prior to termination, an employee is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" in order to ensure that there are "reasonable grounds to believe that the charges against the employee are true."  <u>Id.</u>

Martin concedes that Sondag had no control over the process he received at the Selectboard hearing.  However, Martin alleges that Sondag denied him procedural due process at the recommendation hearing.  Martin was not given the opportunity to present his side of the case at the recommendation hearing.  Martin argues that if he had been allowed that opportunity, the recommendation might have been

different or Sondag might have presented his side of the story to the Selectboard.

Martin's property interest protected him only from being deprived of continued employment without due process, not from a recommendation given without due process.  The pertinent hearing for the due process analysis is the hearing before the final decision-makers.  The true pre-termination hearing at issue was the Selectboard hearing, not the recommendation hearing.  He was not terminated until the Selectboard made their decision after a de novo hearing. Only the Selectboard could make the final decision to terminate him.  Sondag had no control over the process afforded Martin and therefore cannot be held liable for deprivation of due process.  Therefore, because Sondag only controlled the recommendation hearing, no claim for deprivation of procedural due process exists against her.

2. Substantive Due Process

When a protected interest is terminated and there is no procedural due process violation, there may still be a substantive due process violation if the proceeding is "tainted with fundamental procedural irregularity."  <u>Natale v. Town of Ridgefield</u>, 170 F.3d 258, 262 (2d Cir. 1999).

However, this is a very high standard.  An action must be more than arbitrary and capricious; it must be so outrageously arbitrary to constitute a gross abuse of governmental authority.  Id. at 263.  The conduct must "shock the conscience" and have "no rational basis".  Id. at 262 (citing Rochin v. California, 342 U.S. 165, 172 (1952) and Pearson v. City of Grand Blanc, 961 F.2d 1211, 1221-22 (6th Cir. 1992)).

Martin alleges that the defendants spread false allegations about him to the public.  Martin also insinuates that the defendants produced doctored reports on his effectiveness as Chief of Police and performed a "sham" investigation of the Tazer incident.  Martin claims that these actions were taken because of personal bias against him.  These allegations describe conduct that, when viewed in a light most favorable to Martin, could be described as shocking the conscience or outrageous.  Deliberately acting to subvert the fairness of a termination proceeding because of personal animus could rise to the level of fundamental procedural irregularity and therefore violate Martin's substantive due process rights.

Sondag argues that there could be no substantive due

process violations because no fundamental right is involved. Sondag has cited cases from other circuits for this proposition, including Sutton v. Cleveland Board of Education, 958 F.2d 1339, 1350-51 (6th Cir. 1992)("Substantive due process affords only those protections so rooted in the traditions and conscience of our people as to be ranked as fundamental.") and McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)("In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'").  Sondag also relies upon Local 342, Long Island Public Service Employees, UMD, ILA, ALF-CIO v. Town Board of Town of Huntington, 31 F.3d 1191 (2d Cir. 1994), which states

> "It is well settled that, where the alleged right ... cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental, notions of substantive due process will not apply.  Substantive due process protects only those interests that are implicit in the concept of ordered liberty."

Id. at 1196.

Huntington explains that "simple, state-law contractual

rights, without more" are not afforded substantive due process protection.  Id.  However, there was no protected property interest in Huntington that would entitle the plaintiff to any due process, substantive or procedural.  This is distinguishable from this case because Martin has a protected property interest in continued employment.  Because Huntington did not deal with a protected property interest, its insinuation that only fundamental rights are granted substantive due process protection must be viewed as dicta in light of Natale, which held that substantive due process could be violated when a plaintiff has a protected property right but a not fundamental right.  Natale, 170 F.3d at 262-63.  Therefore, while Martin had no fundamental right to continued employment, his protected property right to continued employment entitles him to some level of substantive due process protection.

   C.  Sondag's Involvement

   Sondag argues that the claim against her should be dismissed because she did not personally terminate Martin, nor did she have the authority to do so.  In her capacity as Town Manager Sondag recommended that Martin be terminated, but the final decision rested with the Selectboard.

11

Martin responds that Sondag could still be liable under § 1983 for conspiring to deny him his constitutional rights. For Martin to prove a § 1983 conspiracy, he must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Colbertson, 200 F.3d 65, 72 (2d Cir. 1999).

Martin alleges that Selectboard Chair Garfield asked Sondag to generate a negative performance report on the police department and that Sondag performed the alleged "sham" investigation of the Tazer incident. The Complaint also alleges that Sondag delivered the ultimatum from Garfield that Martin must resign or be fired. Under these circumstances, Martin could prove that Sondag had an agreement with Garfield to terminate Martin based not on his performance as Chief of Police but because of personal animus. Martin could also prove that by generating false reports Sondag acted overtly with the goal of terminating Martin. Therefore, Sondag's alleged involvement may be enough, at this stage, to impose liability through a conspiracy to deny Martin his due process rights.

D.  Qualified Immunity

Sondag further submits that she is entitled to qualified immunity for any due process violation that may have occurred.  Once a constitutional violation has been established, officials can still be protected from suit through qualified immunity.  Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982).  If an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, the official is entitled to qualified immunity.  Id.  The Court must determine whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Gilles v. Repicky, 511 F.3d 239, 243-44 (2d Cir. 2007).

The Second Circuit in Natale clearly established that government actors, like the defendants, cannot act in an outrageous and arbitrary manner to intentionally taint the process that protects a property interest, such as a tenured employee's interest in continued employment.  170 F.3d at 262-63.  As the Supreme Court said in County of Sacramento v. Lewis, "'[t]he touchstone of due process is protection of the individual against arbitrary action of government,'

whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." 523 U.S. 833, 845-46 (1998). The law is settled that a government official cannot act outrageously, exercising power without reasonable justification.

In the face of clearly established precedent prohibiting such conduct, the allegations of fraudulent subversion of the termination process could be proven to be conduct that a reasonable person would know to be clearly unlawful, and thus not protected by qualified immunity.

III. Conclusion

Martin has raised allegations that, if proven, could sufficiently support a finding that Sondag conspired to deprive him of his substantive due process rights and she is not entitled to qualified immunity. Sondag did not violate Martin's procedural due process rights because his right only pertained to his pre-termination hearing before the Selectboard, which Sondag did not control. Therefore, the Court recommends that Sondag's Motion to Dismiss be DENIED IN PART on the substantive due process claim and GRANTED IN PART on the procedural due process claim.

Dated at Burlington, in the District of Vermont, this 17th day of June, 2008.

                                             /s/ Jerome J. Niedermeier
                                             Jerome J. Niedermeier
                                             United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).