```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                       DISTRICT OF VERMONT
```

JOHN MARTIN,                          :
                                      :
       Plaintiff,                    :
                                      :
       v.                            :   Case No. 2:07-cv-260
                                      :
TOWN OF BRATTLEBORO, AUDREY           :
GARFIELD, DORA BOUBOLIS, BARBARA      :
SONDAG, and RICHARD GARANT,           :
                                      :
       Defendants.                   :

## MEMORANDUM and ORDER

Plaintiff John Martin has sued Defendants Town of Brattleboro, the town manager, and three members of the Brattleboro Selectboard under 42 U.S.C. § 1983 for terminating him from his position as Chief of Police, allegedly in violation of his due process rights.  Defendant Barbara Sondag, the town manager, has moved to dismiss the claims against her for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

The Magistrate Judge issued his Report and Recommendation on June 17, 2008, recommending that Sondag's motion be granted in part and denied in part.  Specifically, the Report and Recommendation recommended that the motion to dismiss Martin's procedural due process claim be granted, and the motion to dismiss his substantive due process claim be denied.  Sondag filed a timely objection to the portion of the Report and Recommendation that recommended denying her motion to dismiss

Martin's substantive due process claim.  Martin urged the adoption of the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b), a district court makes a de novo determination of those portions of the report or recommendations to which objection is made.  The court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendations, or it may recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1)(C).

After de novo review of the record and the submissions of the parties, the recommendation is accepted in part and rejected in part.  There having been no objection to the recommendation to dismiss Martin's procedural due process claim against Sondag, the recommendation is accepted.  Martin's complaint, however, fails to state a claim of violation of substantive due process, and Sondag's motion to dismiss is granted in its entirety.

The facts alleged in the complaint are fully set forth in the Magistrate Judge's Report and Recommendation (Doc. 28), familiarity with which is assumed.  On a Rule 12(b)(6) motion, a court accepts as true all factual allegations in the complaint, and draws all reasonable inferences in the plaintiff's favor. *Velez v. Levy*, 401 F.3d 75, 80 (2d Cir. 2005).  "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell*

2

*Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

"For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez*, 401 F.3d at 93 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). Thus, "[m]ere irrationality is not enough" to establish a claim. *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005). "Where 'the alleged right . . . cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental,' notions of substantive due process will not apply." *Local 342, Long Island Pub. Serv. Employees v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) (quoting *Reno v. Flores*, 507 U.S. 292, 303 (1993).

It is undisputed that Martin enjoyed a state-created property interest in continued employment, and that he could not be deprived of that interest without procedural due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541-42 (1985). Martin's state-law contract right, however, "bears little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution" under the rubric of substantive due process. *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229-30 (1985) (Powell, *J.*, concurring)). Courts have acknowledged a "reluctan[ce] to expand

the concept of substantive due process," invoking "judicial self-restraint . . . to exercise the utmost care" in analyzing whether a complaint fairly alleges a deprivation of substantive due process. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

Illustrating this reluctance, most Circuit Courts of Appeal have declined to find that a right to continued public employment is a fundamental property interest entitled to substantive due process protection. *See Am. Fed'n of Gov't Employees v. United States*, 330 F.3d 513, 523 (D.C. Cir. 2003) ("Neither the Supreme Court nor [the D.C. Circuit] has ever recognized an interest in public employment as fundamental."); *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000) (tenured public employment is not entitled to substantive due process protection); *McKinney v. Pate*, 20 F.3d 1550, 1553, 1560 (11th Cir. 1994) (en banc) (state-created property interest in employment does not give rise to substantive due process claim); *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992) (same); *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988) (same); *see also Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1145 (10th Cir. 2006) (Tenth Circuit has yet to decide which property interests in employment are protected by substantive due process); *Dias v. Elique*, 436 F.3d 1125, 1131 n.3 (9th Cir. 2006) (Ninth Circuit has yet to decide whether to recognize substantive

4

due process action for arbitrary and unreasonable termination of government employment); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990) (doubtful that state law contract right to position in particular department is subject to substantive due process protection); *but see N.D. State Univ. v. United States*, 255 F.3d 599, 605 (8th Cir. 2001) (tenured professor at state institution had substantive due process to be free from arbitrary and capricious discharge); *Newman v. Massachusetts*, 884 F.2d 19, 24 (1st Cir. 1989) (First Circuit recognizes substantive due process right to be free from arbitrary and capricious actions affecting right to continued public employment); *Schaper v. City of Huntsville*, 813 F.2d 709, 717 (5th Cir. 1987) (police captain had substantive due process right in continued employment).

This Circuit has expressed the opinion that "simple state-law contractual rights, without more, . . . are not the type of 'important interests that have heretofore been accorded the protection of substantive due process.'" *Local 342*, 31 F.3d at 1196 (quoting *Ewing*, 474 U.S. at 230 (Powell, *J.*, concurring)). There is nothing in Martin's complaint or his submissions to the Court to suggest that his state-created right to continued employment as Brattleboro's Chief of Police is the type of fundamental Constitutional interest that could invoke the protection of substantive due process.

Martin's citation to *Natale v. Town of Ridgefield*, 170 F.3d 258 (2d Cir. 1999), does not assist his argument. *Natale* addressed whether a home builder had a federally protectable property right in the building and zoning permits required to develop his property. On the facts of that case, the Second Circuit panel concluded as a matter of law that he did not. *Id.* at 263. Before reaching this conclusion, the panel held that the trial court had failed to give an appropriate jury charge on a violation of substantive due process, and discussed the requirements for such a charge, given a federally protectable right. *Id.* *Natale* does not therefore stand for the proposition that a state-created property interest is entitled to substantive due process protection.

Martin has argued that Sondag's alleged participation in a conspiracy infected the termination process with personal animus. This is a procedural, not a substantive, due process argument. It does not relieve Martin of the obligation to allege facts that show that he had a federally protectable -- that is, fundamental -- right to continued employment in order to pursue a substantive due process claim.

Given the absence of a viable constitutional claim, there is no need to determine whether Sondag is entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Nevertheless, the uncertain contours of a violation of a

substantive due process right in the public employment context in this Circuit mean that such a right is not clearly established. *See Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991). Sondag is therefore entitled to the protection of qualified immunity. The Magistrate Judge's Report and Recommendation (Doc. 28) is **accepted in part** and **rejected in part**. Sondag's Motion to Dismiss Claims Against Her (Doc. 17) is **granted**.

    Dated at Burlington, in the District of Vermont, this 24th day of September, 2008.

                                    <u>/s/ William K. Sessions III</u>
                                    William K. Sessions III
                                    Chief Judge
                                    U.S. District Court